Thomas Naylor, Plaintiff, *v.* S. J. N. Beeks, Defendant.

*Adjourned from Washington.*

1. A recorded plat of a highway is not evidence of the existence of a road; it is evidence only of its precise locality.
2. Under the act of 1854, a recorded plat of a survey of a road is necessary before the same could be opened; unless the road is laid upon a government public survey.

The special verdict finds that the commissioners of Washington County, after the proper preliminary steps, passed an

Naylor *v.* Beeks.

order, establishing a county road from " Hillsborough to Forest Grove, upon the base line of the government land surveys; thence by a street to a given point, and thence to Smith's lane;" which road was not surveyed, platted and recorded as required by the act of 1854; the plaintiff, as supervisor, notified the defendant to appear, at a designated time and place, to perform his road labor at the opening of this road, which the defendant refused to do, on the ground that it was not a public highway; and this action was brought to recover the penalty for such refusal.

*P. Marquam,* for plaintiff.

*D. Logan,* for defendant.

OLNEY, J. The statute declares that, from the time of recording the plat, the road shall be considered a public highway. But a recorded plat is not evidence of the existence of a road; it is only evidence of its precise locality. Its existence as a legal highway is to be learned from, and proven by, the order for its establishment. If an inspection of that order gives all the information that could be derived from a recorded plat, then the object of that salutary requirement is fully accomplished, and a literal compliance becomes an useless expense. Every person is a party to the public surveys, and is presumed to know the existence and precise locality of the *base-line,* as fully as he could learn it from a recorded plat. That line is, therefore, the centre thread of a legal public highway, from Hillsborough to Forest Grove; but, from that point, where the road leaves the base line, a recorded plat of an actual survey was necessary before it could lawfully be opened. If the defendant was directed by the supervisor to enter upon the lands of others in order to open that part of the road, the question would be whether he could lawfully refuse; and this might depend on the right of the supervisor, and those acting under him, to shield themselves behind the order of the commissioners directing it to

be opened. But the verdict does not find whether the defendant was directed to work on the base-line, or on this unsurveyed portion of the road; and a new trial will be necessary to determine that point, before judgment can be given between the parties.

Cause is, therefore, remanded for a new trial.